IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| RAFAEL GARCIA SERRATO, ) | |
| ) | |
| Movant, ) | |
| v. ) | Civil Action No. 2:18-00295 |
| ) | Criminal Action No. 2:16-00144 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Document No. 22.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 23.)

**FACTUAL BACKGROUND**

A.   **Criminal Action No. 2:16-00144:**

On August 3, 2016, Movant pled guilty to a single count Information charging conspiracy to distribute more than 50 grams of a substance containing methamphetamine in violation of 21 U.S.C. § 846. (Criminal Action No. 2:16-00144, Document Nos. 4, 6, and 8.) A Presentence Investigation Report was prepared. (Id., Document No. 19.) The District Court determined that Movant had a Base Offense Level of 38, and a Total Offense Level of 41, the Court having applied the following: (1) A two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(5) because the offense involved the importation of methamphetamine from Mexico; (2) A four-level enhancement pursuant to U.S.S.G. § 3B1.1(a) because Movant was an organizer or leader of the criminal activity; and (3) A three-level reduction for acceptance of responsibility pursuant to U.S.S.G. §

3E1.1(a) and (b). (Id., Document Nos. 19 and 21.) The District Court sentenced Movant on April 19, 2017, to serve a 135-month term of imprisonment, to be followed by a four-year term of supervised release.[1] (Id., Document Nos. 17 and 20.) The District Court also imposed a $100 special assessment. (Id.) Movant did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals.

**B.     Section 2255 Motion:**

On February 12, 2018, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[2] (Civil No. 2:18-00295, Document No. 22.) As grounds for *habeas* relief, Movant appears to asserts the following: (1) The appellate waiver contained in the plea agreement is invalid; (2) Movant's sentence was substantially unreasonable; (3) Movant was denied effective assistance of counsel; (4) The prosecution concealed exculpatory evidence; (5) Movant was denied his right to an impartial judge; and (6) The indictment was constructively amended. (Id.) As part of his Section 2255 Motion, Movant attached pertinent pages of his Presentence Report. (Id.)

By Order entered on February 15, 2018, the undersigned directed the United States to file its Answer. (Id., Document No. 25.) On May 15, 2018, the United States filed its Response to Movant's Section 2255 Motion. (Id., Document No. 30.) The United States first argues that Movant's appellate waiver was "knowingly and voluntarily made, and is therefore valid." (Id., pp. 4 – 7.) Next, the United States contends that "all remaining arguments, other than ineffective

---

[1] The District Court determined that Movant was subject to the advisory guideline range of 360 to 480 months. (Criminal Action No. 2:16-00144, Document Nos. 17, 19, 20, 21.) The District Court sentenced Movant well below the advisory Guideline Range. (*Id.*)

[2] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

assistance of counsel, were waived by defendant per the terms of his plea agreement." (Id., pp. 3, 10 - 13.) Finally, the United States argues that Movant fails to make a prima facie showing of ineffective assistance of counsel. (Id., pp. 7 – 10.) As Exhibits, the United States attaches the following: (1) A copy of the Indictment (Id., Document No. 30-1, pp. 1 – 13.); (2) A copy of the Information (Id., pp. 14 – 15.); (3) A copy of the plea agreement (Id., pp. 16 – 25.); (4) A copy of the transcript of the Plea Hearing (Id., pp. 26 – 91.); (5) A copy of the transcript of the Sentencing Hearing (Id., pp. 92 – 116.); (6) A copy of the "Sentencing Memorandum of Defendant Rafael Garcia Serrato" (Id., pp. 117 – 123.); and (7) A copy of the "Judgment in a Criminal Case" (Id., pp. 124 – 131.)

By Order and Notice entered on May 17, 2018, the undersigned notified Movant of his right to file a Reply to the United States' Response. (Id., Document No. 31.) On July 5, 2018, Movant filed his Reply. (Id., Document No. 32.)

## **DISCUSSION**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "[her] sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion

3

collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish [her] grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 478 fn. 10, 96 S.Ct. 3037, 3044 fn. 10, 49 L.Ed.2d 1067 (1976). A constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Mikalajunas, 186 F.3d at 493. "Typically, to establish actual

innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. Id. at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct review. In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974).

**1.      Appellate Waiver:**

First, Movant argues his "appeal waiver was invalid and should be set aside." (Civil Action No. 2:18-00295, Document No. 22, pp. 5 - 6.) Movant appears to argue that his appellate waiver was made unknowingly and unintelligently. (Id.) In Response, the United States argues that the District Court "made certain that defendant had reviewed and understood the terms of the plea agreement." (Id., Document No. 30, pp. 4 – 7.) The United States further notes that the District Court specifically addressed the appeal waiver and Movant acknowledged he understood the consequences of the waiver. (Id.) Accordingly, the United States contends that the appellate waiver is enforceable against Movant because the waiver was knowingly and voluntarily made by Movant. (Id.) In Reply, Movant concludes that his appellate waiver was invalid due to ineffective assistance of counsel. (Id., Document No. 32, pp. 4 – 5.)

In his written plea agreement, Movant agreed to waive his right to appeal his conviction

and sentence directly, with one exception. (Criminal No. 2:16-00144, Document No. 8, p. 5.) Under the plea agreement, Movant waived his right to appeal his sentence of imprisonment as long as his sentence did not exceed the maximum penalty prescribed by statute.[3] (Id.) Movant, however, agreed to waive his right to challenge his conviction and sentence under Section 2255, except on grounds of ineffective assistance of counsel. (Id.) It is well established that a defendant may waive his right to appeal or collaterally attack his conviction and sentence if the waiver was entered into knowingly and voluntarily. See United States v. Johnson, 410 F.3d 137 (4th Cir. 2005); United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). "To determine whether a waiver is knowing and intelligent, this court examines 'the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement.'" United States v. Johnson, 480 Fed.Appx. 229, 230 (4th Cir. 2012)(citation omitted). Generally, the waiver is valid and enforceable if a Court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy. Id.

The Rule 11 colloquy is designed to ensure that a guilty plea is both intelligent and voluntary. See United States v. Vonn, 535 U.S. 55, 58, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). "Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charge(s) to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty and various rights." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). "[A] valid plea of guilty requires that the defendant be made aware of all 'the direct consequences of his plea." See Cuthrell v. Director, Patuxent Inst., 475 F.2d 1364, 1365 (4th Cir.), cert. denied, 414 U.S. 1005 (1973);

---

[3] Movant's sentence (135 months) was well below the statutory maximum (40 years) and Movant did not file a direct appeal.

Manley v. United States, 588 F.2d 79, 81 (4th Cir. 1978). A defendant's statement that his plea is voluntary and knowingly is generally considered conclusive on the issue. Savino v. Murrary, 82 F.3d 593, 603 (4th Cir. 1996); also see Fields v. Attorney General of Maryland, 956 F.2d 1290, 1299 (4th Cir. 1992)("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."), cert. denied, 506 U.S. 885, 113 S.Ct. 243, 121 L.Ed.2d. 176 (1992); DeFusco, 949 F.2d at 119 (A defendant's statements at the plea hearing are strong evidence of the voluntariness of the plea agreement), cert. denied, 503 U.S. 997, 112 S.Ct. 1703, 118 L.Ed.2d. 412 (1992). The Fourth Circuit has recognized that "[i]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated - 'permit[ting] quick disposition of baseless collateral attacks." United States v. LeMaster, 403 F.3d 216, 220 (4th Cir. 2005).

The undersigned finds that Movant's plea agreement and appellate waiver were voluntary and intelligent. There is no indication that Movant's plea agreement was made unknowingly or unintelligently. Movant initialed each page and signed the last page of the plea agreement, thereby confirming that he had read and discussed every part of the agreement with counsel and voluntarily agreed to the terms. (Criminal Action No. 2:16-00144, Document No. 8 and 28, p. 39.) A review of the plea agreement further reveals that the waiver was clear and unambiguous. Specifically, the plea agreement stated, in pertinent part, as follows:

> Mr. Serrato knowingly and voluntarily waives the right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C.

> § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.
>
> Mr. Serrato also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.
>
> The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

(<u>Id.</u>, p. 5.) The undersigned finds no indication that Movant did not understand the terms and consequences of signing the plea agreement. Considering Movant's educational background, the record reveals that Movant attended grade school in Mexico, but withdrew from school when he was 14-years-old. (<u>Id.</u>, Document No. 19, p. 43.) Movant's criminal history, however, reveals that Movant has experience with the criminal justice system in the United States. (<u>Id.</u>, pp. 40 - 41.) During the Plea Hearing, the terms of the plea agreement were thoroughly reviewed with Movant and he acknowledged that he understood the terms and consequences of signing the plea agreement. (<u>Id.</u>, Document No. 28.) Specifically, the following colloquy occurred between the District Court and Movant:

> THE COURT: Mr. Serrato, is the plea agreement in your instance one that has been read to you and that you understand?
>
> INTERPRETER: Yes, sir.
>
> THE COURT: And, Mr. Serrato, is there anything about your plea agreement that you don't understand?
>
> INTERPRETER: I understand everything.
>
> \*\*\*

| | |
|---|---|
| THE COURT: | Are you pleading guilty then because you are, in fact, guilty of that charged in the information? |
| INTERPRETER: | Yes, sir. |
| THE COURT: | Do you understand all the proceedings that have taken place here today? |
| INTERPRETER: | Yes, sir. |
| THE COURT: | And do you wish to go forward with your plea of guilty to the single-count information in this case? |
| INTERPRETER: | Yes, sir. |

(Id., pp. 16 and 62.)[3] Movant further acknowledged that he consented to proceeding with an information instead of an indictment returned by a grand jury. (Id., p. 18.) The District Court then thoroughly reviewed of terms of the plea agreement with Movant, and he acknowledged that he understood and wished to plead guilty. (Id., pp. 20 – 25, 27 – 40.) The District Court then discussed in detail with Movant the nature of the charges, the consequences of pleading guilty, and the constitutional and legal rights Movant was giving up by pleading guilty. (Id., pp. 40 - 52.) The District Court specifically discussed the appeal waiver with Movant. (Id., pp. 31 - 32.) The following colloquy occurred between the District Court and Movant:

| | |
|---|---|
| THE COURT: | Let me note to you, also, that by this agreement, you're waiving one other very important right as well, and that is, in additional to one's right to appeal, one may, after appellate rights have been exhausted or not used at all, have some basis for collaterally attacking one's conviction or sentence, or both. That's a kind of habeas proceeding. It is often in the form of what we call a Section 2255 Motion. What I want to emphasize to you is that if the Court sentences you to no more than the maximum permitted and authorized by statute, that you forever waive your right to later on collaterally attack your conviction and sentence as well. Do you understand that? |

---

[3] Since Movant is not fluent in English, a sworn Spanish interpreter was utilized.

                                      ***

        INTERPRETER:        Yes, sir.

(Id.) After reviewing the foregoing, the District Court again advised Movant that he had the right to plead not guilty, and if there was any doubt whatsoever in his mind as to whether he was guilty of the charge contained in the information, Movant should plead not guilty. (Id., p. 49.) Movant, however, confirmed that he wished to plead guilty. (Id.) Finally, the District Court inquired of Movant concerning the voluntariness of his guilty plea and Movant confirmed he was pleading guilty on his own free will. (Id., pp. 49 – 51.) Based on the foregoing, the undersigned finds that Movant's guilty plea was voluntary and made with full knowledge of its consequences.

        To the extent Movant concludes that his appellate waiver was invalid due to ineffective assistance of counsel, the undersigned finds his claim to be without merit. Although Movant cites case law supporting his claim that ineffective assistance of counsel can result in an invalid plea agreement or waiver of appellate rights, Movant completely fails to set forth any factual basis supporting his above conclusion. Movant's conclusory allegation that the ineffectiveness of counsel invalidates his appellate waiver is insufficient. The record further contradicts Movant's claim that he was dissatisfied with the representation by counsel. During the Plea Hearing, Movant acknowledged that he was completely satisfied with his counsel's representation. (Id., pp. 49 – 50.) Specifically, the following colloquy occurred between the District Court and Movant:

        THE COURT:        And, Mr. Serrato, are you satisfied with your attorney, Ms. Newberger, in this case?

        INTERPRETER:        Yes.

                                        * * *

        THE COURT:        And I'll ask you, Mr. Serrato, do you feel Ms. Newberger has spent a good deal of time with you developing this case?

| INTERPRETER: | She's the best attorney in the world. |
| --- | --- |
| THE COURT: | Wonderful. She may want a transcript of this hearing. And so, I take it that you are really quite satisfied with her services? |
| INTERPRETER: | Yes. |

(Id., pp. 49 – 51.) As stated above, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221 - 222. Movant has failed to show extraordinary circumstances. Accordingly, the undersigned finds that Movant's appellate waiver is valid and enforceable.

## 2. Ineffective Assistance of Counsel:

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

In this Motion, Movant first cites case law supporting his claim that he was entitled to

effective assistances of counsel. (Civil Action No. 2:18-00295, Document No. 22, pp. 3 and 15.) Movant then claims he "entered a plea of guilty pursuant to the dictates and advice of counsel" and counsel's failure to raise "the defense of selective prosecution was the result of ineffective assistance of counsel." (Id.) Movant states he was prosecuted due to "discrimination." (Id.) In Response, the United States argues that Movant "neither makes any specific claim that his counsel acted ineffectively, nor does he identify any action or inaction by his counsel that constituted deficient performance." (Id., Document No. 30, p. 8.) Second, the United States notes that given the "substantial benefits [Movant] received by pleading guilty rather than going to trial, [Movant] simply cannot demonstrate prejudice by anything done by his counsel." (Id., p. 9.) Finally, the United States notes that Movant acknowledged under oath during this Plea Hearing that he was satisfied with his attorney's representation. (Id., pp. 9 – 10.) In Reply, Movant argues his counsel failed to "investigate her client's co-defendants." (Id., Document No. 32, pp. 6 – 7.)

### A. *Counsel's ineffectiveness regarding plea:*

First, Movant claims that his plea of guilty was the result of ineffective assistance of counsel. For the same reasons set forth in Section 1 above, the undersigned finds there is no indication that Movant's plea of guilty was entered into due to counsel's alleged ineffectiveness. Accordingly, the undersigned respectfully recommends that Movant's claim of ineffective assistance of counsel concerning the guilty plea should be dismissed.

### B. *Counsel's ineffectiveness regarding failure to argue selective prosecution:*

Next, the undersigned considers Movant's claim that counsel was ineffective in failing to assert a claim of selective prosecution. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 690, 104 S.Ct. at 2065. Furthermore, it is well recognized that classic tactical decisions may be

made *without* a defendant's consent. See Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998)(emphasis added). Specifically, "[d]ecisions that may be made without the defendant's consent 'primarily involve trial strategy and tactics,' such as 'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." Id.(citing United States v. Teague, 953 F.2d 1525, 1531 (11th Cir. 1992)). Aside from Movant's conclusory assertion, there is no indication that defense counsel could have filed a non-frivolous motion requesting dismissal based upon selective prosecution.

"A criminal defendant bears a heavy burden in proving that he has been selected for prosecution in contravention of his constitutional rights. A defendant must demonstrate that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." United States v. Hastings, 126 F.3d 310, 313 (4th Cir. 1997)(quotations and citations omitted); also see United States v. Venable, 666 F.3d 893, 900 (4th Cir. 2012)("The burden on a party seeking to dismiss an indictment on the basis of selective prosecution is high.") The Fourth Circuit has observed that the presumption of regularity is not lightly disregarded. United States v. Passaro, 577 F.3d 207, 219 (4th Cir. 2009). Specifically, the Fourth Circuit explained as follows:

> Indeed, criminal defendants commonly complain that other persons are more worthy of criminal prosecution. But our constitutional system leaves it to the discretion of the Executive Branch to decide who will face prosecution. Unless a defendant provides "clear evidence" to overcome the presumption that a government prosecutor has acted lawfully and without discrimination – a "particularly demanding" standard – he cannot demonstrate a constitutional violation for selective prosecution.

Id. at 219. In United States v. Khan, 461 F.3d 477 (4th Cir. 2006), the Fourth Circuit observed that "[i]n deference to executive discretion, we have held that 'defendants are similarly situated when their circumstances present no distinguishable legitimate prosecutorial factors that might justify

14

making different prosecutorial decisions with respect to them.'" Khan, 461 F.3d at 498. To make a prima facie showing of selective prosecution under the Equal Protection Clause of the Fifth Amendment, a defendant must establish by clear evidence that: (1) "similarly situated individuals of different race were not prosecuted;" and (2) "the decision to prosecute was invidious or in bad faith." United States v. Ford, 835 F.Supp.2d 137 (S.D.W.Va.)(J. Chambers)(citing United States v. Armstrong, 517 U.S. 456, 465, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996) and United States v. Olvis, 97 F.3d 739, 743 (4th Cir. 1996)); also see United States v. Brown, 2020 WL 3960321, * 6 (4th Cir. July 13, 2020). To obtain discovery in support of a selective prosecution claim, a defendant is obliged to offer at least some evidence demonstrating both discriminatory effect and purpose. Id.

In the instant case, Movant merely speculates and concludes he was prosecuted based upon his race. Movant offers no factual details or evidence to support his conclusion that he was subjected to selective prosecution. Specifically, Movant fails to allege or demonstrate that similarly situated individuals of different races were not prosecuted for criminal conduct. Additionally, there is no indication that the prosecutor's decision to prosecute Movant was motivated by anything other than Movant's criminal conduct. Thus, Movant fails to provide any evidence to overcome the presumption that the prosecutor acted lawfully and without discrimination. Furthermore, the record is completely void of any indication that the prosecutor's decision to prosecute Movant "had a discriminatory effect and that it was motivated by a discriminatory purpose." See Armstrong, 517 U.S. at 465, 116 S.Ct. at 1480. Accordingly, the undersigned finds that Movant cannot show that counsel acted ineffectively in failing to pursue the above meritless argument. See United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999)(stating that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis

of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); Moore v. United States, 934 F.Supp. 724, 731 (E.D.Va. 1996)(holding that "there can be no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument"). Based upon the foregoing, the undersigned respectfully recommends that the District Court dismiss Movant's above claim of ineffective assistance of counsel.

### C. Counsel's alleged failure to investigate:

In his Reply, Movant argues that counsel was ineffective in failing to investigate his co-defendants. "To prevail on an [ineffective assistance of counsel] claim based on a failure to investigate, a petitioner must specify 'what an adequate investigation would have revealed.'" Walton v. Ballard, 2018 WL 1582727, * 7 (S.D.W. Va. March 20, 2018)(quoting Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990)). Movant fails to provide any factual details supporting his claim, or an explanation as to what a proper investigation would have revealed. To the extent Movant claims that a more thorough investigation would have revealed exculpatory evidence, such a speculative and conclusory claim is insufficient. Further, as stated above, Movant confirmed during the Rule 11 colloquy that he was completely satisfied with counsel. (Criminal Action No. 2:16-00144, Document No. 28, pp. 49 – 51.) Based on the foregoing, the undersigned respectfully recommends that Movant's above claim of ineffective assistance of counsel be denied.

**3: <u>Remaining Claims</u>:**

The undersigned finds that Movant's remaining claims are precluded by the appellate waiver: (1) Movant's sentence was substantially unreasonable;[4] (2) The prosecution concealed

---

[4] As stated above, the District Court sentenced Movant well below the advisory Guideline range.

exculpatory evidence;[5] (3) Movant was denied his right to an impartial judge;[6] and (4) The indictment was constructively amended.[7] Movant waived his right to collaterally challenge his conviction or sentence on any of these grounds. As stated above, Movant knowingly and intelligently waived his right to challenge his conviction in any collateral attack except for claims based on ineffective assistance of counsel. (Criminal Action No. 2:16-00144, Document No. 8, p. 5.) Movant's above challenges fall squarely within the waiver provision contained in Movant's plea agreement. Additionally, "[a] voluntary guilty plea waives the right to challenge antecedent, nonjurisdictional errors not logically inconsistent with the establishment of guilt." United States v. Richardson, 422 Fed.Appx. 196, 198 (4th Cir. 2011). Accordingly, the undersigned respectfully recommends that the District Court determine that Movant's above *habeas* claims are precluded by his appellate waiver.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 22) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**,

---

[5] Although Movant cites case law related to the suppression of exculpatory evidence, Movant fails to identify what evidence was concealed that was exculpatory.

[6] Movant references case law related to judicial bias, but fails to provide any factual details explaining how Judge Copenhaver was biased against him. Again, the undersigned notes that Judge Copenhaver imposed a sentence well below the advisory Guideline range.

[7] Although Movant complains that his Indictment was constructively amended, the record clearly reveals that Movant pled guilty to an Information and the indicted charges were subsequently dismissed.

17

and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: August 31, 2020.

Omar J. Aboulhosn
United States Magistrate Judge